AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Oct 11, 2024**

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA

v.

ADRIAN LEE WAHSISE

## JUDGMENT IN A CRIMINAL CASE

Case Number:   1:23-CR-02041-MKD-1

USM Number:   69539-510

Kenneth D Therrien
_____
Defendant's Attorney

## THE DEFENDANT:

☒  pleaded guilty to count(s)   2 of the Indictment

☐  pleaded nolo contendere to count(s)
which was accepted by the court.

☐  was found guilty on count(s) after a
plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1153, 113(a)(6) - ASSAULT RESULTING IN SERIOUS BODILY INJURY | | 02/19/2023 | 2 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count(s)   1      ☒ is  ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/8/2024
_____
Date of Imposition of Judgment

*M. K. Dimke*
_____
Signature of Judge

The Honorable Mary K. Dimke          District Judge, U.S. District Court
_____
Name and Title of Judge

10/11/2024
_____
Date

AO 245B   (Rev. 09/19)   Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment -- Page 2 of 7

DEFENDANT:        ADRIAN LEE WAHSISE
Case Number:      1:23-CR-02041-MKD-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        36 months as to Count 2

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☒    The court makes the following recommendations to the Bureau of Prisons:

Placement at a BOP facility other than FCI Sheridan; and
Participation in the Residential Drug Abuse Program (RDAP).

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____    ☐    a.m.    ☐    p.m.    on _____

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____
☐    as notified by the United States Marshal.
☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev.  09/19)  Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment -- Page 3 of 7

DEFENDANT:      ADRIAN LEE WAHSISE
Case Number:      1:23-CR-02041-MKD-1

## SUPERVISED RELEASE

Upon release from imprisonment, you shall be on supervised release for a term of:     3 years

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A – Supervised Release

Judgment -- Page 4 of 7

DEFENDANT:       ADRIAN LEE WAHSISE
Case Number:      1:23-CR-02041-MKD-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your  release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time  frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and  when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the  court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72  hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to  take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from  doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses  you from doing so. If you plan to change where you work or anything about your work (such as your position or your job  responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10  days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of  becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been  convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was  designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without  first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.


## U.S. Probation Office Use Only


A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____        Date _____

AO 245B    (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　　Sheet 3D – Supervised Release

DEFENDANT:　　　ADRIAN LEE WAHSISE
Case Number:　　　1:23-CR-02041-MKD-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in an educational services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You must pay the costs of the program.

2. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

3. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

4. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

5. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

6. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

7. You shall participate in the Remote Alcohol Detection Program for 90 days immediately following release from imprisonment and shall abide by all technology requirements.  You shall refrain from any use of alcoholic beverages.  You shall follow all program rules and pay all or part of the costs of participation in the alcohol monitoring program, including equipment loss or damage, as directed by the supervising officer.  If prior to or after 90 days the supervising officer feels you should participate in the program for an additional amount of time, the supervising officer may submit a request to the Court.

AO 245B   (Rev. 09/19)  Judgment in a Criminal Case

Sheet 5 – Criminal Monetary Penalties

Judgment -- Page 6 of 7

DEFENDANT:       ADRIAN LEE WAHSISE
Case Number:      1:23-CR-02041-MKD-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $.00 | $.00 |

☐    The special assessment imposed pursuant to 18 U.S.C. § 3013 is hereby remitted pursuant to 18 U.S.C. § 3573(1) because reasonable efforts to collect this assessment are not likely to be effective and in the interests of justice.

☐    The determination of restitution is deferred until a restitution hearing is held.  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐    Restitution amount ordered pursuant to plea agreement      $ _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the    ☐   fine      ☐   restitution

     ☐   the interest requirement for the    ☐   fine      ☐   restitution is modified as follows:

\*    Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\*    Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/19)  Criminal Judgment
Sheet 6 – Schedule of Payment

Judgment -- Page 7 of 7

DEFENDANT:        ADRIAN LEE WAHSISE
Case Number:      1:23-CR-02041-MKD-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

 ☐  not later than                                        , or

 ☐  in accordance with   ☐   C,  ☐   D,  ☐   E, or   ☐   F below; or

**B**  ☒  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☒  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal     *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary
penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the
defendant's net household income, whichever is larger, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made online at www.waed.uscourts.gov/payments or mailed to the following address
until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment (5) fine
principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court
costs.